## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

### CIVIL ACTION NO. 1:06-CV-107

**MICHAEL D. HARMON**                                                                                 **PLAINTIFF**

**V.**

**EARTHGRAINS BAKING COMPANIES, INC.**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by Defendant [DN 30] and a request by Plaintiff for oral argument [DN 38]. The Defendant argues that it is entitled to judgment as a matter of law because the Plaintiff has failed to establish a prima facie case of age discrimination. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's request for oral argument is **DENIED** and the Defendant's motion for summary judgment is **GRANTED**.

### I. FACTS

On February 14, 2006, Plaintiff Mike Harmon was terminated from his position as a district manager with Defendant Earthgrains Baking Companies, Inc. ("Earthgrains"). At the time of his termination, the Plaintiff was 57 years old and he had been employed by Earthgrains (or its corporate predecessors) for 28 years. The Plaintiff's supervisor at the time of his termination was 32-year-old Bradley Jordan, Earthgrains' West Tennessee Zone Vice-President.

At the time Jordan was hired, the Plaintiff was experiencing health problems and had taken a leave of absence from work. During that time, in December 2005, Jordan gave the Plaintiff his first negative performance review, stating that the product displays in the Plaintiff's district needed

improvement. Around this time, the Plaintiff also alleges that Jordan told him: "I bet you think your older people are your best people...They're not your best people."

At some point during the Plaintiff's leave of absence, an Earthgrains delivery truck was involved in two non-injury accidents. In the first accident, the truck struck a deer; and in the second accident, the truck struck a dog-house sitting in the road.  Each of these accidents was reported to Earthgrains' nearest garage, in Nashville, Tennessee, and, each time, garage workers informed the Bowling Green employees that the truck would remain functional until they arrived in Bowling Green to make cosmetic repairs.

On February 8, 2006, Jordan asked the Plaintiff to travel to Nashville with him for a meeting with Jordan and another zone management employee, Dennis Sparks.  Jordan asked the Plaintiff why the accidents that had occurred in November and December 2005 had not been reported to zone management. According to the Plaintiff, he was informed at that meeting, for the first time, that Earthgrains' policy required all accidents to be reported to zone management, even if the accidents did not involve injuries or third-party liability issues.

Following this meeting, Jordan recommended that the Plaintiff be terminated for failing to report these accidents to his supervisor. This termination recommendation was reviewed and approved by Lisa Millisor, an Earthgrains human resources director, and Erica Dillon, an Earthgrains in-house attorney.  Although there is no evidence that Earthgrains had a written policy requiring all accidents to be reported to zone management, regardless of the circumstances, Jordan and Millisor testified that it was their understanding that the Plaintiff had violated company policy when he failed to report the accidents to his supervisor.

Immediately following the Plaintiff's termination, his job responsibilities were absorbed by Mark Carter, the district manager of Earthgrains' Glasgow, Kentucky, facility. Carter is 10 years younger than the Plaintiff..

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

## III. ANALYSIS

3

The Plaintiff has brings this age discrimination claim against the Defendant under the Kentucky Civil Rights Act ("KCRA"). K.R.S. § 344.040. Kentucky courts interpret the age discrimination provisions of the KCRA to mirror the similar provisions of the Age Discrimination in Employment Act of 1967 ("ADEA"). See, e.g., Williams v. Wal-Mart Stores, Inc., 184 S.W.3d 492, 495 (Ky. 2005). Age discrimination cases under the ADEA are analyzed under the same framework as employment discrimination cases under Title VII. See, e.g., Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003).

To establish a discrimination claim under Title VII, a plaintiff must produce either direct or circumstantial evidence of discrimination. Grizzell v. City of Columbus Div. of Police, 461 F.3d 711, 719 (6th Cir. 2006)(citing DiCarlo v. Potter, 358 F.3d 408, 414 (6th Cir. 2004)). Direct evidence, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. Grizzell v. City of Columbus Div. of Police, 461 F.3d 711, 719 (6th Cir. 2006)(citing Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999)). Once the plaintiff produces direct evidence of discrimination, the burden shifts to the employer to show that "it would have taken the employment action even in the absence of discrimination." Id.

If the plaintiff attempts to prove discrimination by circumstantial evidence, courts apply the McDonnell Douglas burden-shifting framework. Id. (citing McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973)). In this paradigm, the plaintiff must first establish a prima facie case of discrimination by introducing evidence sufficient to support a finding that 1) he is a member of a protected group; 2) he was subject to an adverse employment decision; 3) he was qualified for the position; and 4) he was replaced by a person outside of the protected class. Grosjean, 349 F.3d

at 335(citing Kline v. TVA, 128 F.3d 337, 349 (6th Cir. 1997)); see also Manzer v.Diamond Shamrock Chems. Co., 29 F.3d 1078, 1081 (6th Cir. 1994)  In age discrimination cases, "the protected class includes all workers at least 40 years old and the fourth element is modified to require replacement not by a person outside the protected class, but merely replacement by a significantly younger person." Id.  If the plaintiff establishes a prima facie case of discrimination, the burden then shifts to the defendant "to articulate some legitimate non-discriminatory reason for the [adverse action]." Id. (quoting Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-253 (1981)).  If the defendant meets this burden, the plaintiff must then produce "sufficient evidence from which the jury may reasonably reject the employer's explanation." Id. (quoting Manzer, 29 F.3d 1078, 1083 (6th Cir. 1994)).

Earthgrains argues that it is entitled to judgment as a matter of law because the Plaintiff has failed to establish a prima facie case of age discrimination since the Plaintiff has not shown that he was "replaced."  According to Earthgrains, Mark Carter did not replace the Plaintiff since Carter was assigned to perform the Plaintiff's duties while continuing to perform his own duties as district manager of the Glasgow facility.

The Plaintiff makes two arguments in response. The Plaintiff first argues that the evidence establishes that he was "replaced" by an employee 10 years his junior.  The Plaintiff argues, in the alternative, that even if the evidence does not show that he was "replaced," the other circumstantial evidence he has presented is sufficient to establish a prima facie case of age discrimination.  The Court will consider each of these arguments in turn.

**A. "Replacement"**

As noted above, the fourth element a plaintiff must typically prove to establish a prima facie

case of age discrimination is that the plaintiff was replaced by a significantly younger person. Grosjean, 349 F.3d at 335. In Grosjean, the Sixth Circuit held that a "person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." 349 F.3d at 336 (quoting Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir. 1990)).

The evidence here establishes that, immediately after the Plaintiff was terminated, another Earthgrains district manager, Mark Carter, was assigned to perform the Plaintiff's duties in addition to his own duties at the Earthgrains' Glasgow, Kentucky, facility. (DN 42, Attach. 1, Carter Affidavit, ¶ 3). Carter's assumption of the Plaintiff's duties in addition to his own does not "constitute replacement under the law of this circuit." Grosjean, 349 F3d at 336. And while the Plaintiff argues that Carter was actually reassigned to the Plaintiff's position, and did not retain his then current duties, the Plaintiff has offered no evidence to support this position.

Thus, the Court concludes that the Plaintiff has failed to meet his initial burden of establishing the fourth element of a typical prima facie case of age discrimination.

## B. "Other" Circumstantial Evidence

The Plaintiff, however, also argues that he need not establish the existence of the four prima facie elements discussed above. He argues that a prima facie case may be established outside of these four elements by "other" substantial circumstantial evidence showing that age was a determining factor in the adverse employment decision. In support of this argument, the Plaintiff points the Court to Blackwell v. Sun Electric Corporation, in which the Sixth Circuit stated:

> The ultimate issue in this age discrimination suit is whether age was a determining factor in the employer's decision to fire the plaintiff . . . . The plaintiff can establish

> a prima facie case of age discrimination by using the *McDonnell Douglas* criteria. *The plaintiff can also establish a prima facie case using* statistical information, direct evidence of discrimination, and *circumstantial evidence other than that which is used in the McDonnell Douglas criteria.*

696 F.2d 1176, 1180 (6th Cir. 1983)(citations omitted)(emphasis added); see also Barnes, 896 F.2d 1457, n. 9 ("We have stated that the McDonnell Douglas test is not to be applied mechanically, instead opting for a case-by-case approach that focuses on whether age was in fact a determining factor in the employment decision.")   According to the Plaintiff, the circumstantial evidence presented here - including the age of the Plaintiff, his impeccable performance record for 28 years, and his termination based upon an unwritten policy and the recommendation of a newly-hired 32-year-old supervisor - should be sufficient to establish a prima facie case of age discrimination under Blackwell even if the Plaintiff was not "replaced" by a substantially younger person.

The Court is of the opinion that Blackwell would allow a modification or departure from the traditional McDonnell Douglas analysis if the facts should warrant it.  For instance, in Barnes, the Sixth Circuit modified the McDonnell Douglas framework for age discrimination reduction in force cases, citing Blackwell as support. 896 F.2d at 1465.   However, the Sixth Circuit has consistently held under facts similar to those presented here that a plaintiff establishes a prima facie case of age discrimination by producing evidence to sufficient to show  that 1) he is a member of a protected group; 2) he was subject to an adverse employment decision; 3) he was qualified for the position; and 4) he was replaced by a significantly younger person. See, e.g., Corrigan v. U.S. Steel Corp., 478 F.3d 718 (6th Cir. 2007); Grosjean, 349 F.3d 332 at 335; Kline, 128 F.3d at 349.  The Plaintiff has not advanced any justifiable reason why the Court should not use these criteria to analyze the Plaintiff's claim here.

7

Thus, the Court holds that the Plaintiff has failed to make out a prima facie case of age discrimination since he has not shown that he was "replaced" by a significantly younger person. The Court need not address the remaining parts of the McDonnell Douglas framework discussed above.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's request for oral argument is **DENIED** and the Defendant's motion for summary judgment is **GRANTED. IT IS SO ORDERED**.

cc: Counsel of Record